# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

ANTHONY BENNETT,

Plaintiff,

DECISION & ORDER

-vs-

11-CV-6585-CJS-JWF

D.S.D. Habeck, *et al.*,

Defendants.

## APPEARANCES

For Plaintiff:            Anthony Bennett, *pro se*
                          84A5208
                          Orleans Correctional Facility
                          35-31 Gaines Basin Road
                          Albion, NY 14411

For Defendants:           Bernard F. Sheehan, A.A.G.
                          New York State Office of the Attorney General
                          144 Exchange Blvd, Suite 200
                          Rochester, NY 14614

## INTRODUCTION

**Siragusa, J.** Plaintiff Anthony Bennett ("Plaintiff") filed this pro se action seeking relief under 42 U.S.C. § 1983. The case is now before the Court on Defendants' motion to dismiss the complaint for failure to state a claim, filed April 6, 2012, ECF No. 16. For the reasons stated below, the Court grants Defendants' application.

## FACTUAL BACKGROUND

The Complaint in this action consists mostly of incoherent rambling. Compl., Dec. 1, 2011, ECF No. 1.   However, nonetheless, the Court has attempted to construe the

Complaint broadly in a light most favorable to Plaintiff.

Plaintiff has been, for all relevant times, an inmate in the custody of the New York State Department of Correctional and Community Services ("DOCCS"), housed at various facilities. In the present action, Plaintiff makes allegations involving events at three different DOCCS locations: Franklin Correctional Facility ("Franklin"), Upstate Correctional Facility ("Upstate"), and Wyoming Correctional Facility ("Wyoming"). The named defendants in the action are D.S.D. Habeck of Franklin (Hearing officer) of Corr. Fac. ("Habeck"); Jamie Sterns (CFFAII) of Franklin Corr. Fac. ("Sterns"); C.O. McGrath of Franklin Corr. Fac. ("McGRath"); Sergeant Cross of Upstate Corr. Fac. ("Cross"); R. Shaw (S.C.C.) of Wyoming Corr. Fac. ("Shaw"); and B. Herman (voc. supervisor) Wyoming Corr. Fac. ("Herman"). Compl. at 2 (names and titles of defendants taken as written in the Complaint).

First, at Franklin, Plaintiff alleges that Sterns and McGrath filed false misbehavior reports against him. Sterns allegedly fabricated offensive comments made to her by Plaintiff, and McGrath allegedly conspired with a non-party to fabricate an incident of violent threats made to them by Plaintiff. In regard to these two misbehavior reports, Plaintiff was given a disciplinary hearing before Habeck on July 20, 2011. Plaintiff claims that Habeck was unfair and biased in the administration of the hearing because Habeck "was very personal in his defending this person Sterns." Compl. at 5. Plaintiff was placed in the Special Housing Unit ('SHU") as a result of the hearing. The decision of the hearing was administratively reversed on appeal on October 25, 2011. Compl. at 16. Plaintiff was released from the SHU accordingly.[1]

---

[1]The determination that resulted in Plaintiff's confinement was reversed on October 25, 2011. However, in the Complaint, Plaintiff states that he was released from SHU on October 20,

Next, Plaintiff alleges that Cross, at Upstate, improperly took some of his legal materials. Cross wrote Plaintiff a misbehavior report for possessing the materials, and Plaintiff was given a disciplinary hearing before a non-party. Plaintiff was found guilty on all charges at the hearing. However, the decision of the hearing was reversed and expunged on September 8, 2011.

Lastly, at Wyoming, Plaintiff makes vague allegations that he "is experiencing the same thing in Wyoming correctional facility from R. Shaw and B. Herman." Compl. at 7. Plaintiff, however, makes no specific allegations and provides no context or facts to support this conclusion.

## STANDARDS OF LAW

### Motion to Dismiss

The U.S. Supreme Court, in *Bell Atl. Corp. v. Twombly*, 550 U.S. 554 (2007), clarified the standard to be applied to a 12(b)(6) motion:

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a Plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Id.* at 555 (citations and internal quotations omitted). *See also*, *ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) ("To survive dismissal, the plaintiff must

---

2011. As discussed below, this five day disparity in length of confinement does not affect the disposition of the claim.

provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'") (quoting *Bell Atl. Corp. v. Twombly*) (footnote omitted); *Iqbal v. Hasty*, 490 F.3d 143, 2007 WL 1717803 (2d Cir. Jun. 14, 2007) (Indicating that *Bell Atl. Corp. v. Twombly* adopted "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible[,]" as opposed to merely conceivable.) When applying this standard, a district court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. *Burnette v. Carothers*, 192 F.3d 52, 56 (1999), *cert. denied*, 531 U.S. 1052 (2000). On the other hand, "[c]onclusory allegations of the legal status of the defendants' acts need not be accepted as true for the purposes of ruling on a motion to dismiss." *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1092 (2d Cir. 1995)(citing *In re American Express Co. Shareholder Litig.*, 39 F.3d 395, 400-01 n. 3 (2d Cir.1994)).

Inasmuch as Plaintiff is proceeding pro se, this Court must, of course,  follow the directive of the Second Circuit, that:

> A pro se complaint should not be dismissed unless "it appears beyond doubt that the plaintiffs can prove no set of facts in support of [their] claims which would entitle [them] to relief." *Conley v. Gibson*, 355 U.S. 141, 45-46 (1957). When considering motions to dismiss a pro se complaint such as this, "courts must construe [the complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggests." *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000) (internal quotation marks omitted). This is especially true when dealing with pro se complaints alleging civil rights violations. *See Weinstein v. Albright*, 261 F.3d 127, 132 (2d Cir. 2001). Accordingly, the plaintiffs' allegations in this case must be read so as to "raise the strongest arguments that they suggest." *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (internal quotation marks omitted).

*Weixel v. Bd. of Educ. of N.Y.*, 287 F.3d 138, 145-146 (2d Cir. 2002).

**ANALYSIS**

Plaintiff's statements, that false misbehavior reports were filed against him, alone do not state a cognizable constitutional claim. *See Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997) ("[A] prison inmate has no general right to be free from being falsely accused in a misbehavior report"). To state a constitutional claim there must be more to the allegations, such as retaliation or denial of access to the courts. *Id.*

At Franklin, Plaintiff alleges that he was denied due process at his disciplinary hearing because Habeck, the hearing officer, was biased and unfair. Prisoner's have a right to some procedural due process protections, such as a fair and impartial tribunal, when a liberty interest is at stake. *Wolff v. McDonnell*, 418 U.S. 539, 592 (1974). An inmate is deprived of a liberty interest when his confinement imposes an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Connor*, 515 U.S. 472, 484 (1995). To determine whether confinement is atypical under the *Sandin* standard, the Court must consider "[b]oth the [SHU] conditions and their duration." *Sealey v. Giltner*, 197 F.3d 578, 586 (2d Cir. 1999).

The Second Circuit has held that confinement in "normal" SHU conditions for fewer than 101 days does not meet the *Sandin* standard of an atypical and significant hardship. *Ortiz v. McBride*, 380 F.3d 649, 654 (2d Cir. 2004) (citing *Sealey*, 197 F.3d at 589). *But see Palmer v. Richards*, 364 F.3d 60, 66 (2d Cir. 2004) ("[C]onfinements of fewer than 101 days could constitute atypical and significant hardships if the conditions were more severe than the normal SHU conditions of *Sealey* or a more fully developed record showed that

even relatively brief confinements under normal SHU conditions were, in fact, atypical.").[2] As a result of the disciplinary hearing at issue, Plaintiff was confined in SHU for up to 97 days. Significantly, Plaintiff makes no allegations that the SHU conditions were unusually harsh, and the Court finds nothing in the record to suggest that the SHU conditions were not "normal."[3]   Accordingly, the Court concludes, as a matter of law, that Plaintiff's 97 day confinement under normal SHU conditions did not constitute atypical and significant hardship, and that he, therefore, did not have a liberty interest at stake that required procedural due process protections. Consequently, Plaintiff has failed to state a constitutional due process claim regarding his disciplinary hearing.

Turning now to Plaintiff's claims arising from his confinement at Upstate, he alleges that Cross violated his right of access to the courts by taking some of his legal papers. To state a valid claim, an inmate must allege that the prison official's deliberate and malicious interference resulted in an actual injury. *Lewis v. Casey*, 518 U.S. 343, 349 (1996). Specifically, the inmate must "demonstrate that a nonfrivolous legal claim has been frustrated or was being impeded." *Id.* at 353. Plaintiff has failed to allege that he suffered any harm by the alleged confiscation of his legal materials. Consequently, Plaintiff has failed to state a valid access to the court claim.

---

[2]The Second Circuit has noted that under "normal" SHU confinement, a prisoner is "kept in solitary confinement for twenty-three hours a day, provided one hour of exercise in the prison yard per day, and permitted two showers per week." *Ortiz v. McBride*, 380 F.3d 649, 655 (2d Cir. 2004) (citing *Palmer*, 364 F.3d at 65 n.3).

[3]The Court notes that the claimants in *Palmer*, 364 F.3d at 66, and *Ortiz*, 380 F.3d at 654, made factual allegations in their complaints of SHU conditions that were "unusually harsh" and "beyond the normal SHU conditions." In the present action, however, Plaintiff makes no allegations whatsoever regarding his SHU conditions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (citations omitted)

Finally, Plaintiff makes the assertion that "[he] is experiencing the same thing in Wyoming correctional facility from R. Shaw and B. Herman." Compl. at 7. However, Plaintiff fails to include any factual allegations that would support a claim against Shaw and Herman. While the Court does construe pro se claims broadly, the complaint still must contain some factual allegations to support the claimed right to relief. *Twombly*, 550 U.S. at 555. A pro se litigant is not excused from his burden of including specific allegations of fact that support a deprivation of rights. *See Barr v. Abrams*, 810 f.2d 358, 363 (2d Cir. 1987) ("As we have repeatedly held, complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights . . . ."); *Boddie*, 105 F.2d at 862 ("unsupported, speculative, and conclusory" allegations should be dismissed). Since Plaintiff has failed to provide any factual allegations regarding Shaw and Herman whatsoever, Plaintiff has failed to state a claim against those defendants.

## CONCLUSION

For the reasons stated above, Defendants' motion to dismiss the complaint for failure to state a claim, ECF No. 16, is granted. The clerk is directed to enter judgment for defendants and close the case.

IT IS SO ORDERED.

Dated:   August 15, 2012
         Rochester, New York

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge